727 S.E.2d 30

**In the Matter of Brian Austin KATONAK, Respondent.**

**Appellate Case No.2012–211955.**

**No. 27133.**

Supreme Court of South Carolina.

Submitted May 14, 2012.

Decided June 13, 2012.

Disciplinary Counsel Lesley M. Coggiola and Senior Assistant Disciplinary Counsel Charlie Tex Davis, Jr. both of Columbia, for Office of Disciplinary Counsel.

Brian Austin Katonak, of Law Office of Brian Katonak, PA, of Aiken, for Respondent.

## PUBLIC REPRIMAND

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413 of the South Carolina Appellate Court Rules. In the

Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### Facts

In early 2004, Complainant retained respondent to represent him in connection with purchasing and obtaining clear title to a piece of property located in Aiken County, South Carolina. At the time respondent was retained, the property was owned by several of Complainant's family members. The Complainant and his wife owned one-half the interest in the property. The other one-half interest was owned by three individuals: Mr. A., Mr. B., and Mr. C. Mr. A. died on March 11, 2002, leaving all of his property to his wife, Mrs. A. Mrs. A., Mr. B. and Mr. C. agreed to sell their interest in the property to Complainant for $4,000.00 each.

Respondent had some communication with Mrs. A. prior to April 6, 2004, and forwarded a contract of sale to her. By letter dated April 6, 2004, Mrs. A. returned the signed contract of sale to respondent. However, Mrs. A. had not properly probated her husband's estate in Florida and she could not, therefore, properly convey her share of the property to Complainant. In September 2005, Mrs. A. filed a Petition for Summary Administration of Mr. A.'s estate in Florida. In 2006, apparently after the probate of Mr. A.'s estate, Mrs. A. entered into a valid contract with Complainant to sell her husband's interest for $4,000.00.

In the meantime, both Mr. B. and Mr. C. executed contracts of sale in which they conveyed their interests in the property to Complainant. Each received the sum of $4,000.00 in June 2004 as payment for their interest in the property. In August 2005, respondent sent Mr. B. and Mr. C. deeds for execution.

On November 8, 2005, respondent's office sent another deed to Mr. B. due to the fact that the deed sent to him in August 2005 had not been properly executed by both witnesses and a notary. The second deed was not returned by Mr. B. However, respondent did not follow-up with Mr. B. until Complainant filed this grievance.

In August 2010, respondent met with Complainant and advised that he had lost Complainant's file. Thereafter, Com-

plainant made numerous attempts to contact respondent by telephone. Respondent did not return those calls until February 2011, after he had been notified of the grievance. There is no indication that respondent did anything to consummate the purchase of the property on Complainant's behalf from November 2005 until February 2011, after he received notice of Complainant's grievance.

Respondent has entered into a new representation agreement with Complainant wherein he has agreed to represent Complainant in a quiet title action at no charge.

### *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client) and Rule 1.4 (lawyer shall keep client reasonably informed about status of the matter and promptly comply with reasonable requests for information). Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct.

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.